UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGEL MANUEL GARCIA,

      Plaintiff,

    v.

KEVIN GUTHRIE, IN HIS
OFFICIAL CAPACITY AS
DIRECTOR OF THE FLORIDA
DIVISION OF EMERGENCY
MANAGEMENT (FDEM), *et al.*,

      Defendants,

Case No. 2:26-cv-791-KCD-NPM

                     /

## <u>ORDER</u>

When the government detains a noncitizen pending immigration proceedings, it must have a legitimate, non-punitive reason for doing so. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) ("[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings.").[1] Typically, the reason is straightforward: the government detains a noncitizen to ensure he is available for removal. But that justification rests on a critical premise—that the government actually *can* remove him. Here, it cannot. Yet the Government has detained Petitioner

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Angel Manuel Garcia anyway, offering a defense that inexplicably ignores the legal shield preventing his deportation.

The facts that matter are simple. Garcia is subject to a final order of removal from 1997. For nearly three decades, he lived under an order of supervision. During that time, he took steps to regularize his status, applying for a U-1 nonimmigrant visa because he was the victim of a crime. In 2023, U.S. Citizenship and Immigration Services ("USCIS") issued a "Bona Fide Determination" regarding his U-visa petition. (Doc. 1-8.) With that determination came a grant of deferred action status. (*Id.*) As the Eleventh Circuit has explained, deferred action status "amounts to, in practical application, a reprieve for deportable aliens." *Ga. Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1259 n.2 (11th Cir. 2012). When a noncitizen holds deferred action status, "[n]o action (i.e., no deportation) will be taken." *Id.*

Despite this clear directive, Immigration and Customs Enforcement ("ICE") recently revoked Garcia's order of supervision and placed him in a detention cell. He responded with this habeas petition, arguing that because his deferred action status prevents removal, his detention serves no legitimate purpose and therefore violates the Fifth Amendment. (*See* Doc. 1.)

The Government's response? Crickets.

In its briefing, the Government aggressively defends its statutory authority to detain Garcia within the six-month post-removal period outlined in *Zadvydas*. It also insists that ICE has broad discretion to revoke an order of supervision whenever it deems appropriate. But the Government's 12-page opposition manages to completely ignore the elephant in the room: Garcia's U-visa and his active deferred action status. (*See* Doc. 7.)

This omission is fatal. The Government cannot simply wave the banner of discretionary authority while turning a blind eye to an affirmative immigration benefit that USCIS itself granted. As other courts have recognized in this situation, "[b]y detaining Petitioner and seeking to execute a reinstated removal order, ICE appears to be acting contrary to DHS's exercise of discretion and the protections that accompany it." *Castillo v. Parra,* No. 25-25011-CV, 2025 WL 4092624, at *6 (S.D. Fla. Dec. 1, 2025).

To be sure, the agency's expressed intent to retract the deferred action could justify continued detention. After all, "deferred action is . . . the result of executive discretion and is revocable at any time." *Tiniguar v. Ripa*, No. 26-60008-CIV, 2026 WL 1077795, at *5 (S.D. Fla. Apr. 21, 2026). But here, the Government has done no such thing. There is no indication in the record that USCIS or ICE has revoked Garcia's deferred action status. There is not even a whisper of an intent to do so. The Government simply scooped up a man protected by an active grant of deferred action, locked him in a cell, and

submitted a brief to this Court that pretends the protection does not exist. Wishing a legal obstacle away does not make it disappear.

As mentioned, substantive due process requires immigration detention to bear a reasonable relationship to its purpose. The only proffered purpose for detaining Garcia is to remove him. Yet his unrevoked deferred action status legally forecloses that result. Given the Government's complete silence on this issue, the Court can only conclude that his detention is arbitrary and thus unlawful. *See Demore v. Kim*, 538 U.S. 510, 526 (2003) ("[T]he Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings[.]"). The remedy for such an unlawful detention is immediate release. And because that straightforward conclusion fully resolves the petition, the Court need not—and does not—reach Garcia's other claims.

Accordingly, it is **ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Angel Manual Garcia from custody within 48 hours of this Order under the prior conditions of supervision, which Petitioner must continue to comply with. Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

5

3. The Clerk is directed to enter judgment in favor of Petitioner, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on April 28, 2026.

Kyle C. Dudek
United States District Judge